**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CENTRIX HR, LLC, | : | CIVIL ACTION |
| | : | |
| Plaintiff | : | 04-5660 |
| | : | |
| v. | : | |
| | : | |
| ON-SITE STAFF MANAGEMENT, INC., | : | |
| d/b/a CENTRIX STAFFING, CENTRIX | : | |
| HR LOGISTICS, INC., and | : | |
| WILLIAM BLACK, | : | |
| | : | |
| Defendants. | : | |

<u>**MEMORANDUM AND ORDER**</u>

**Joyner, J.**                    **September 27, 2006**

        Presently before the Court is Defendants On-Site Staff
Management, Inc. d/b/a Centrix Staffing's, Centrix HR Logistics,
Inc.'s, and William D. Black's (collectively "Defendants") Motion
for Summary Judgment, or Alternatively to Dismiss Pursuant to
Fed. R. Civ. P. 37(c) ("D. Mot.") (Doc. No. 23), and Plaintiff's
("Centrix") response thereto ("Pl. Mot.") (Doc. No. 24). For the
reasons below, the Court DENIES Defendants' Motion.

**Discussion**[1]

<u>A. Motion for Summary Judgment</u>

        In deciding whether summary judgment is appropriate under
Fed. R. Civ. P. 56, a court must determine "whether there is a
genuine issue of material fact and, if not, whether the moving

---

        [1] Because the Court is writing solely for the benefit of the
parties, it assumes that the reader is familiar with the
pertinent background facts.

party is entitled to judgment as a matter of law." <u>Medical Protective Co. v. Watkins</u>, 198 F.3d 100, 103 (3d Cir. 1999) (internal citation omitted).  As the moving party, Defendants bear the initial burden of <u>demonstrating the absence</u> of a disputed issue of material fact.  <u>See</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).  They have not done so here.

The moving party need not introduce affirmative evidence in order to satisfy its initial burden.  <u>See</u> <u>id.</u> at 323 ("no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials negating the opponent's claim").  But as the moving party, Defendants must do more than simply claim that they are entitled to summary judgment.  In lieu of supporting its motion with affirmative evidence, the movant can satisfy its burden by showing that the non-moving party has insufficient evidence to prevail on the merits as a matter of law.  <u>See, e.g.</u>, <u>Conoshenti v. Public Serv. Elec. & Gas Co.</u>, 364 F.3d 135, 140 (3d Cir. 2004) ("the burden on the moving party may be discharged by 'showing'-that is, pointing out to the district court - that there is an absence of evidence to support the nonmoving party's case when the nonmoving party bears the ultimate burden of proof")(citations, quotation marks omitted); <u>see</u> <u>generally</u>, 10A Wright, Miller, & Kane, Federal Practice and Procedure: Civil ("Wright, Miller & Kane") § 2727. Defendants have neither offered the necessary affirmative

evidence nor specifically identified evidentiary deficiencies in Plaintiff's case that would make summary judgment appropriate at this time.

The lone piece of evidence proffered in support of Defendants' motion for summary judgment is an affidavit from Defendant William D. Black, President of co-Defendants Centrix HR Logistics, Inc. and On-Site Staff Management, Inc. See D. Mot., Ex. I ("Black Aff."). The affidavit is mainly a chronology of the business dealings between Defendants and Plaintiff. Black adds for good measure, however, that "[he] never acted intentionally to harm, defraud or injure Centrix." Id., at ¶ 26. While Black's affidavit does provide some detail about Defendants' activities as they regard Plaintiff, it is ultimately a statement by one Defendant claiming little more than 'Plaintiff violated the licensing agreement' and 'I didn't do anything wrong.' See id., at ¶¶ 14, 26. It is in effect nothing more than a self-serving and conclusory declaration. It is also the type of affidavit (i.e. evidence) that is inadequate to satisfy the moving party's burden. See Blair v. Scott Specialty Gases, 283 F.3d 595, 608 (3d Cir. 2002) ("In order to satisfy the standard for summary judgment 'the affiant must ordinarily set forth facts, rather than opinions or conclusions. An affidavit that is 'essentially conclusory' and lacking in specific facts is inadequate to satisfy the movant [or non-movant]'s burden.'")

3

(quoting <u>Maldonado v. Ramirez</u>, 757 F.2d 48, 51 (3d Cir. 1985)). Therefore, Black's affidavit, standing alone, is insufficient to satisfy Defendants' burden.

Black's affidavit aside, Defendants offer little else in support of their motion.  Their argument is devoid of any substantive legal analysis.  It is in fact merely a set of conclusions:

> The ease with which Plaintiff could respond to Defendants' reasonable discovery requests raises suspicion as to the merits of Plaintiff's action.  Plaintiff has had more than sufficient time to come forward with evidence to support the allegations in its Complaint. Plaintiff's failure to do so demonstrates that it cannot meets [sic] its burden of persuasion.

Memorandum of Law in Support of Defendants' Motion for Summary Judgment or Alternatively for Dismissal ("D. Memo.") at 5. Defendants appear to be arguing that they are entitled to summary judgment because Plaintiff has itself not moved for summary judgment.[2]  But Plaintiff is of course not required to under the Rules; indeed, each party enjoys unfettered discretion in deciding whether to move for summary judgment (or file any other dispositive motions for that matter).  Plaintiff therefore has had no reason to affirmatively introduce evidence supporting its

---

[2] Were discovery now long over, Defendants' contentions might be somewhat valid.  That little, if any, documents have been exchanged between the parties, and no depositions taken, make Defendants' conclusions as to the sufficiency of Plaintiff's evidence premature.

claims.  And it still has no reason to do so.

Because Defendants have not met their burden of demonstrating the absence of a disputed issue of material fact, Plaintiffs do not have to introduce any evidence to avoid summary judgment.  Accordingly, this Court DENIES Defendants' motion for summary judgment.

## B. Motion to Dismiss under Rule 37

Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 37(c)[3] is completely without merit.  "The sanction of dismissal is disfavored absent the most egregious circumstances." U.S. v. $ 8,221,877.16 in U.S. Currency, 330 F.3d 141, 161 (3d Cir. 2003). Defendants claim that dismissal is appropriate because "Plaintiff has continually obstructed Defendants' access to necessary documents and information, and has failed to make even the minimum disclosures required by [Rule 26]." D. Memo. at 4.  If this were true, dismissal or another sanction of a similar nature would be appropriate.  A review of the record reveals, however, that Plaintiff's conduct has been generally forthright, direct

---

[3] Rule 37(c) references Rule 37(b)(2)(C), which provides, in relevant part, that the district court may "dismiss[] the action or proceeding or any part thereof, or render[] a judgment by default against the disobedient party" for: (a) failure to comply with discovery orders (see Fed. R. Civ. P. 37(b)); (b) for failure to disclose information (or for providing false or misleading information) (see Fed. R. Civ. P. 37(c)); or (c) for failure to perform discovery obligations (i.e. answering interrogatories, attending depositions, responding to information requests) (see Fed. R. Civ. P. 37(d)).

and professional.  In fact, the evidence Defendants present
undercuts their argument.

In determining whether the severe sanction of dismissal is
justified, the Court must weigh the following six factors

> (1) the extent of the <u>party</u>'s personal
> <u>responsibility</u>; (2) the <u>prejudice</u> to the
> adversary caused by the failure to meet
> scheduling orders and respond to discovery;
> (3) a <u>history</u> of dilatoriness; (4) whether
> the conduct of the party or the attorney was
> <u>willful</u> or in <u>bad faith</u>; (5) the
> effectiveness of sanctions other than
> dismissal, which entails an analysis of
> <u>alternative sanctions</u>; and (6) the
> <u>meritoriousness</u> of the claim or defense.

<u>Poulis v. State Farm Fire and Cas. Co.</u>, 747 F.2d 863, 868 (3d
Cir. 1984) (emphasis in original).

When considering these factors, it is not necessary that the
Court find each one present to warrant dismissal.  <u>See</u> <u>Hicks v.
Feeney</u>, 850 F.2d 152, 156 (3d Cir. 1988).  In this case, however,
none of the factors tip in favor of Defendants.  As to the first
factor, Defendants have not demonstrated through affidavits or
otherwise that Plaintiff Centrix, rather than its counsel, is
personally responsible for any discovery violations.  Likewise,
Defendants have not shown that Plaintiff failed to meet any
scheduling orders or has conducted discovery in such a manner as
to <u>prejudice</u> Defendants.

Defendants also can not demonstrate that Plaintiff has a
<u>history</u> of dilatory conduct.  In December 2005, for example,
Plaintiff promptly responded to Defendants' request for

6

outstanding discovery responses. <u>See</u> D. Mot., Ex. B (12/19/05 e-
mail from Plaintiff's counsel responding to Defendants' 12/15/05
request).  Subsequent emails between opposing counsel also
suggest that Plaintiff has made an effort to schedule depositions
and document reviews. <u>See, e.g.</u>, D. Mot., Ex. D (4/10/06 and
4/6/06 emails from Plaintiff's counsel to Defendants' counsel
recommending 4/20/06 or 4/25/06 to review documents and noting,
again, that depositions would not commence before seeing
Defendants' documents).  Without a history of dilatory conduct,
there is nothing to point to that is willful or in bad faith.[4]

---

[4] The Court has not overlooked Defendants' complaint that
they have sought to depose Blaise Mazzoni ("Mazzoni") on several
occasions without success. <u>See</u> D. Memo. at 5 ("Plaintiff has also
cancelled two separately noticed depositions of the Plaintiff.").
Plaintiff argues that the parties agreed that depositions were
not to take place before each side reviewed the other's
documents; and, in any event, it is procedurally improper under
the Rules to depose a non-party without first serving a subpoena.
<u>See</u> Plaintiff's Response to Defendant's Motion for Summary
Judgment or Alternatively to Dismiss Pursuant to Fed. R. Civ. P.
37 ("P. Memo.") at 3, 7 n.2.  Because Mazzoni is <u>not</u> a party
(contrary to Defendants' suggestion) to this action, Plaintiff's
latter contention is absolutely correct. <u>See</u> Fed. R. Civ. P.
30(a)(2) ("The attendance of witnesses may be compelled by
subpoena as provided in Rule 45."); <u>see</u> <u>generally</u> Wright, Miller
& Kane § 2107 ("Though the rules do not say so expressly, a
subpoena is not necessary if the person to be examined is a party
. . . .") Plaintiff maintains, however, that even though
Defendants failed to serve Mazzoni with a subpoena, it never
objected to him being deposed.  Whether <u>Plaintiff</u> has standing to
object on behalf of Mazzoni to him being deposed is not a
question the Court needs to answer.  It is clear that Mazzoni (or
Plaintiff acting on Mazzoni's behalf and without his objection)
was willing to be deposed at a <u>mutually</u> agreed upon time without
being compelled by subpoena.  The Court has reviewed the
electronic correspondence attached to the parties' motion papers
and concludes that Plaintiff's behavior has not been dilatory

Plaintiff on the other hand has appeared to work with Defendants in order to complete document exchanges and conduct depositions. <u>See, e.g.,</u> Plaintiff's Response to Defendant's Motion for Summary Judgment or Alternatively to Dismiss Pursuant to Fed. R. Civ. P. 37 ("P. Memo") (Doc. No. 24), Ex. F (email correspondence between opposing counsel dating from 3/29/06 to 5/5/06 discussing possible dates to conduct depositions and document review).

As to the final two factors, the Court does not find that Plaintiff's conduct warrants in the alternative any lesser sanctions or that its claims are without merit as to justify dismissal.[5] Therefore, the Court DENIES Defendants' motion to dismiss under Rule 37.[6]

---

with respect to this deposition.  The Court believes that the parties, upon exchange and review of documents, will be able to agree upon a mutually acceptable time for Mazzoni's deposition. The Court notes that if Defendants are actually seeking to depose Plaintiff Centrix (a corporate entity) itself vis-à-vis Mazzoni the correct procedural route is through a Rule 30(b)(6) deposition.

[5] The Court previously denied Defendant Black's motion to dismiss Plaintiffs' RICO claim. <u>See</u> Doc. No. 10, Order Dated April 5, 2005.

[6] Defendants are, of course, welcome to bring future motions under Rule 37 to compel discovery or otherwise.  For example, Defendants allude to Plaintiff's failure to make certain mandatory Rule 26(a)(1) disclosures. <u>See</u> D. Memo. at 4.  A party that fails to make these mandatory disclosures is subject to sanctions under Rule 37. <u>See</u> Fed. R. Civ. P. 37(a)(2)(A). Defendants' present allegation of insufficient Rule 26(a)(2) disclosures is too vague, however, for the Court to make a definitive ruling as to whether Plaintiff's conduct is

**Conclusion**

For the foregoing reasons, the Court DENIES Defendants' Motion for Summary Judgment, or Alternatively to Dismiss Pursuant to Fed. R. Civ. P. 37(c).  An appropriate Order follows.

---

sanctionable.  This is especially true in light of Plaintiff's contention that it has made all necessary "self-executing" disclosures, albeit in the form of an interrogatory response. See P. Memo at 4 n.1, 8-9.  Defendants are reminded, however, that all Rule 37 motions must be accompanied by a certification that they have in good faith conferred or attempted to confer with opposing counsel before seeking relief from the district court. See Fed. R. Civ. P. 37(a)(2).  No such certification accompanied this present motion.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

```
CENTRIX HR, LLC,                      :    CIVIL ACTION
                                      :
        Plaintiff                     :    04-5660
                                      :
    v.                                :
                                      :
ON-SITE STAFF MANAGEMENT, INC.,       :
d/b/a CENTRIX STAFFING, CENTRIX       :
HR LOGISTICS, INC., and               :
WILLIAM BLACK,                        :
                                      :
        Defendants.                   :
```

## ORDER

AND NOW, this 27th day of September 2006, upon consideration of Defendants On-Site Staff Management, Inc. d/b/a Centrix Staffing's, Centrix HR Logistics, Inc.'s, and William D. Black's (collectively "Defendants") Motion for Summary Judgment, or Alternatively to Dismiss Pursuant to Fed. R. Civ. P. 37(c) (Doc. No. 23), and Plaintiff's ("Centrix") response thereto (Doc. No. 24), it is hereby ORDERED that Defendants' Motion is DENIED WITHOUT PREJUDICE.


BY THE COURT:



s/J. Curtis Joyner
J. CURTIS JOYNER, J.